**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SBARRO LLC., *et al.*,[1] | ) | Case No. 14-10557 (MG) |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER (A) APPROVING OMNIBUS CLAIMS OBJECTION PROCEDURES
AND (B) AUTHORIZING THE REORGANIZED DEBTORS TO FILE SUBSTANTIVE
OMNIBUS OBJECTIONS TO CLAIMS PURSUANT TO BANKRUPTCY RULE 3007(c)**

Upon the motion (the "***Motion***")[2] of above-captioned debtors and debtors in possession (collectively, the "***Debtors***" and, on or after June 2, 2014, the "***Reorganized Debtors***"), for entry of an order (this "***Order***") (a) approving the objection procedures outlined herein and (b) authorizing the Reorganized Debtors to assert substantive objections to claims (including administrative expense requests) in an omnibus format pursuant to Bankruptcy Rule 3007(c), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing

---

[1]        The Reorganized Debtors in the chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Sbarro LLC (1939); Carmela's, LLC (8088); Carmela's of Kirkman LLC (7703); Carmela's of Kirkman Operating, LLC (1182); Corest Management, Inc. (9134); Cucinova Easton LLC (4874); Cucinova Holdings LLC (2698); Cucinova Kenwood LLC (9558); Cucinova Olentangy LLC (8264); Demefac Leasing Corp. (2379); Larkfield Equipment Corp. (7947); Las Vegas Convention Center LLC (7645); New Sbarro Finance, Inc. (6440); New Sbarro Intermediate Holdings, Inc. (9105); Sbarro America, Inc. (9130); Sbarro America Properties, Inc. (9540); Sbarro Blue Bell Express LLC (1419); Sbarro Commack, Inc. (4007); Sbarro Express LLC (0253); Sbarro Holdings, Inc. (7352); Sbarro New Hyde Park, Inc. (6185); Sbarro of Las Vegas, Inc. (2853); Sbarro of Longwood, LLC (0328); Sbarro of Virginia, Inc. (2309); Sbarro Pennsylvania, Inc. (3530); Sbarro Properties, Inc. (9541); Sbarro Venture, Inc. (3182); Sbarro's of Texas, Inc. (5139); Umberto at the Source, LLC (8024); Umberto Deer Park, LLC (8728); Umberto Hauppauge, LLC (8245); Umberto Hicksville, LLC (0989); Umberto Huntington, LLC (8890); and Umberto White Plains, LLC (8159).  The Reorganized Debtors' service address is:  401 Broadhollow Road, Melville, New York 11747.

[2]        Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

that the relief requested in the Motion is in the best interest of the Reorganized Debtors, their estates and creditors, and all other parties in interest; and notice of the Motion appearing adequate and appropriate under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is

HEREBY ORDERED THAT:

1.      The Motion is granted to the extent set forth herein.

2.      Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, or the Local Bankruptcy Rules, and pursuant to Bankruptcy Rule 3007(c), the Reorganized Debtors may file Omnibus Objections that include objections to claims (including administrative expense requests) on any basis provided for in Bankruptcy Rule 3007(d) and/or the Additional Grounds.

3.      The Reorganized Debtors may file and prosecute any Omnibus Objections in accordance with the Objection Procedures attached hereto as **Exhibit 1**, which are approved, and the other procedural safeguards set forth in Bankruptcy Rule 3007(e).

4.      The form of Objection Notice attached hereto as **Exhibit 2** is approved.

5.      Nothing in this Order or in the Motion is, or shall be deemed to constitute, any admission as to the validity, nature, amount, or priority of any claim asserted against the Debtors or Reorganized Debtors, as applicable, in the chapter 11 cases, or a waiver of any right of the Debtors or Reorganized Debtors, as applicable, to dispute the validity, nature, amount, or priority

of, or otherwise object, either in the same or subsequent objections, on any grounds to any such claims.

6.      The Reorganized Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7.      The terms, conditions, and provisions of this Order shall be immediately effective and enforceable upon entry hereof.

8.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  August 29, 2014
        New York, New York

                                            **/s/Martin Glenn**
                                            MARTIN GLENN
                                            United States Bankruptcy Judge

## <u>EXHIBIT 1</u>

**Objection Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SBARRO LLC., *et al.*,[1] | ) | Case No. 14-10557 (MG) |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

## PROCEDURES FOR FILING OMNIBUS CLAIMS OBJECTIONS

On August 21, 2014, the above-captioned debtors and debtors in possession (collectively, the "***Debtors***" and, on or after June 2, 2014, the "***Reorganized Debtors***"), filed the *Reorganized Debtors' Motion for Entry of an Order (A) Approving Omnibus Claims Objection Procedures and (B) Authorizing the Reorganized Debtors to File Substantive Omnibus Objections to Claims Pursuant to Bankruptcy Rule 3007(c)* [Docket No. 303] (the "***Motion***")[2] with the United States Bankruptcy Court for the Southern District of New York (the "***Court***"). On [_____], 2014, the Court entered an order [Docket No. __] (the "***Order***") approving the Motion, including these omnibus objection procedures.

### Omnibus Objections

1.    <u>Grounds for Omnibus Objections</u>.  In addition to those grounds expressly set forth in Bankruptcy Rule 3007(d), the Reorganized Debtors may file omnibus objections (each, an "***Omnibus Objection***") to claims on the grounds that such claims, in part or in whole:

      a.    are inconsistent with the Debtors' books and records;

      b.    fail to specify the asserted claim amount (other than "unliquidated");

      c.    seek recovery of amounts for which the Debtors are not liable;

---

[1]    The Reorganized Debtors in the chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Sbarro LLC (1939); Carmela's, LLC (8088); Carmela's of Kirkman LLC (7703); Carmela's of Kirkman Operating, LLC (1182); Corest Management, Inc. (9134); Cucinova Easton LLC (4874); Cucinova Holdings LLC (2698); Cucinova Kenwood LLC (9558); Cucinova Olentangy LLC (8264); Demefac Leasing Corp. (2379); Larkfield Equipment Corp. (7947); Las Vegas Convention Center LLC (7645); New Sbarro Finance, Inc. (6440); New Sbarro Intermediate Holdings, Inc. (9105); Sbarro America, Inc. (9130); Sbarro America Properties, Inc. (9540); Sbarro Blue Bell Express LLC (1419); Sbarro Commack, Inc. (4007); Sbarro Express LLC (0253); Sbarro Holdings, Inc. (7352); Sbarro New Hyde Park, Inc. (6185); Sbarro of Las Vegas, Inc. (2853); Sbarro of Longwood, LLC (0328); Sbarro of Virginia, Inc. (2309); Sbarro Pennsylvania, Inc. (3530); Sbarro Properties, Inc. (9541); Sbarro Venture, Inc. (3182); Sbarro's of Texas, Inc. (5139); Umberto at the Source, LLC (8024); Umberto Deer Park, LLC (8728); Umberto Hauppauge, LLC (8245); Umberto Hicksville, LLC (0989); Umberto Huntington, LLC (8890); and Umberto White Plains, LLC (8159).  The Reorganized Debtors' service address is:  401 Broadhollow Road, Melville, New York 11747.

[2]    All capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Motion.

d.    are incorrectly or improperly classified;

e.    have been formally withdrawn by the claimant through the filing of a pleading or through the entry of a Court order indicating withdrawal of the claim;

f.    are filed against non-Debtors or are filed against multiple Debtors;

g.    fail to specify a Debtor against whom the claim is asserted;

h.    are disallowed pursuant to section 502 of the Bankruptcy Code; or

i.    fail to sufficiently specify the basis for the claim or provide sufficient supporting documentation therefore.

2.    Form of Omnibus Objection.    Each Omnibus Objection will be numbered consecutively, regardless of basis.

3.    Supporting Documentation.    To the extent appropriate, Omnibus Objections may be accompanied by an affidavit or declaration from someone with personal knowledge of the Debtors' books and records and the manner in which they are maintained that states that the affiant or the declarant has reviewed the claims included therein and applicable supporting information and documentation provided therewith, made reasonable efforts to research the claim on the Debtors' books and records, and determined that the books and records do not reflect the debt or the amount of debt that is alleged in the claim.

4.    Claims Exhibits.    An exhibit listing the claims that are subject to the particular Omnibus Objection will be attached thereto.  Each exhibit will include only the claims to which there is a common basis for the objection.  Claims for which there is more than one basis for the objection will be referenced on each exhibit applicable thereto.  The exhibits will include, without limitation, the following information alphabetized by claimant:

a.    the claims that are the subject of the Omnibus Objection and, if applicable, proof of claim number related thereto from the claims register;

b.    the asserted amount of the claim;

c.    the grounds for the objection;

d.    a cross-reference to the section of the Omnibus Objection discussing such claim; and

e.    other information, as applicable, including:  (i) the proposed classification of claims the Reorganized Debtors seek to reclassify; (ii) the reduced claim amounts of claims the Reorganized Debtors seek to reduce;  or (iii) the surviving claims of claims the Reorganized Debtors seek to expunge.

2

5.    <u>Objection Notice</u>.  Each Omnibus Objection will be accompanied by a customized objection notice, substantially in the form annexed to the Order as **Exhibit 2**, (the "*Objection Notice*"), tailored, as appropriate, to address a particular creditor, claim, or objection, which will:

 a.    describe the basic nature of the objection;

 b.    inform creditors that their rights may be affected by the objection;

 c.    describe the procedures for filing a written response (each, a "*Response*") to the objection, including all relevant dates and deadlines related thereto;

 d.    identify the hearing date, if applicable, and related information; and

 e.    describe how copies of proofs of claim, the Omnibus Objection, and other pleadings filed in the chapter 11 cases may be obtained.

6.    <u>Notice and Service</u>.  Each Omnibus Objection will be filed with the Court and served upon (a) the affected claimant party set forth on the proof of claim or their respective attorney of record, (b) the U.S. Trustee, and (c) parties that have filed a request for service of papers under Bankruptcy Rule 2002.

7.    <u>Omnibus Hearings</u>.  Each Omnibus Objection shall be set for hearing no less than 30 days after service of the Omnibus Objection (the "*Hearing*").  In the Reorganized Debtors' sole discretion, and after notice to the affected claimant, the Reorganized Debtors may adjourn the Hearing on the Omnibus Objection to a subsequent hearing date.  For claims subject to an Omnibus Objection and with respect to which either (a) no Response is filed in accordance with the proposed response procedures, (b) no appearance is made at the Hearing, or (c) a Response is filed in accordance with the proposed response procedures but such Response is resolved prior to the Hearing, the Reorganized Debtors may request at the Hearing that the Court enter an order granting the Omnibus Objection with respect to such claim.  The Hearing with respect to a contested claim for which (a) a Response is filed in accordance with the proposed response procedures but such Response is not resolved prior to the Hearing or (b) an appearance is made at the Hearing, will be automatically adjourned.  If such claims cannot be resolved and a hearing is determined to be necessary, the Reorganized Debtors shall file with the Court and serve on the affected claimants a notice of the hearing (the date of which shall be determined in consultation with the affected claimant(s)).

8.    <u>Contested Matter</u>.  Each claim subject to an Omnibus Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Court will be deemed a separate order with respect to such claim. The Reorganized Debtors may, in their discretion and in accordance with other orders of this Court, the *Amended Proposed Joint Prepackaged Chapter 11 Plan of Reorganization of Sbarro LLC and its Debtor Affiliates* [Docket No. 225], or the provisions of the Bankruptcy Code and the Bankruptcy Rules, settle the priority, amount, and validity of such contested claims without any further notice to or action, order, or approval of the Court.

3

## Responses to Omnibus Objections

9.    <u>Parties Required to File a Response</u>.  Any party who disagrees with an objection is required to file a Response in accordance with the procedures set forth herein or appear at the Hearing.  If a claimant whose claim is subject to an Omnibus Objection does not file and serve a Response in compliance with the procedures below or appear at the Hearing, the Court may grant the objection with respect to such claim without further notice to the claimant.

10.    <u>Response Contents</u>.  Each Response must contain the following (at a minimum):

a.    a caption stating the name of the Court, the name of the Debtors, the case number, and the Omnibus Objection to which the Response is directed;

b.    a concise statement setting forth the reasons why the Court should not grant the objection with respect to such claim, including the factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

c.    a copy of any other documentation or other evidence of the claim, to the extent not already included with the claim, upon which the claimant will rely in opposing the objection; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; and *provided, further,* that the claimant shall disclose to the Reorganized Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its claim, subject to appropriate confidentiality constraints; and

d.    the following contact information for the responding party:

(i)    the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the Reorganized Debtors should serve a reply to the Response, if any; or

(ii)    the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the objection on the claimant's behalf.

4

11.    <u>Filing and Service of the Response</u>.  A Response will be deemed timely only if it is filed with the Court and *actually received* by 4:00 p.m. (prevailing Eastern time) on the day that is twenty (20) calendar days from the date the Omnibus Objection is served (the "***Response Deadline***") by the following parties (the "***Notice Parties***"):

| Reorganized Debtors | Counsel to Reorganized Debtors | United States Trustee |
|---|---|---|
| Sbarro LLC<br>401 Broadhollow Road<br>Melville, New York 11747<br>Attn:  Stuart Steinberg | Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Attn:  Nicole L. Greenblatt<br>and David S. Meyer | Office of the United States<br>Trustee for the Southern<br>District of New York<br>201 Varick Street, Suite 1006<br>New York, New York 10014<br>Attn:  Paul K. Schwartzberg |

12.    <u>Discovery</u>.  If the Reorganized Debtors determine that discovery is necessary in advance of a hearing on an Omnibus Objection, the Reorganized Debtors will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation.  Such notice may be incorporated into the initial agenda letter for the hearing, or may be provided by separate notice.  In accordance with Local Bankruptcy Rule 9014-2, the first hearing on any Omnibus Objection contested with respect a particular claim will not be an evidentiary hearing and there is no need for any witnesses to appear at such hearing unless otherwise ordered by the Court in accordance with Local Bankruptcy Rule 9014-2.

13.    <u>Failure to Respond</u>.  A Response that is not filed and served in accordance with the procedures set forth herein may not be considered by the Court at the Hearing.  **Absent reaching an agreement with the Reorganized Debtors resolving the objection to a claim (as described in the Objection Notice), failure to timely file and serve a Response as set forth herein or to appear at the Hearing may result in the Court granting the Omnibus Objection without further notice or hearing**.  Upon entry of an order sustaining an Omnibus Objection, affected creditors will be served with such order.

14.    <u>Reply to a Response</u>.  The Reorganized Debtors shall be permitted to file a reply to any Response no later than two business days before the hearing with respect to the relevant Omnibus Objection.

<u>**Miscellaneous**</u>

15.    <u>Additional Information</u>.  Copies of these procedures, the Motion, or Order or any other pleadings (the "***Pleadings***") filed in the chapter 11 cases are available for free online at http://cases.primeclerk.com/Sbarro.  Copies of the Pleadings may also be obtained upon written request to Prime Clerk LLC, the Debtors' noticing and claims agent at the following address: Sbarro LLC, c/o Prime Clerk LLC, 830 Third Avenue, 9th Floor, New York, New York 10022. You may also obtain copies of any of the Pleadings filed in the chapter 11 cases for a fee via PACER at: http://www.nysb.uscourts.gov.

16.    <u>Reservation of Rights</u>.    NOTHING IN ANY OMNIBUS OBJECTION OR OBJECTION NOTICE IS OR SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS OR REORGANIZED DEBTORS, AS APPLICABLE, TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO CLAIMS (OR OTHER CLAIMS OR CAUSES OF ACTION OF A CLAIMANT) ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION, UNLESS THE COURT HAS ALLOWED A CLAIM OR ORDERED OTHERWISE, OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE.    AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.

**<u>EXHIBIT 2</u>**

**Objection Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SBARRO LLC., *et al.*,[1] | ) | Case No. 14-10556 (MG) |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF OBJECTION TO FILED PROOFS OF CLAIM AND DEADLINE
BY WHICH A RESPONSE MUST BE FILED WITH THE BANKRUPTCY COURT**

**PLEASE TAKE NOTICE THAT** Sbarro LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "***Debtors***" and, on or after June 2, 2014, the "***Reorganized Debtors***"), are objecting to your claim(s) by the attached objection (the "***Objection***").

> **YOU SHOULD LOCATE YOUR NAME AND YOUR CLAIM(S) ON THE SCHEDULES ATTACHED HERETO. PLEASE TAKE NOTICE THAT, AS A RESULT OF THE OBJECTION, YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED, REDUCED OR OTHERWISE AFFECTED. THEREFORE, PLEASE READ THIS NOTICE AND THE ACCOMPANYING OBJECTION VERY CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**Important Information Regarding the Objection**

Grounds for the Objection. By the Objection, the Reorganized Debtors are seeking to [disallow/expunge/reclassify/reduce] your claim(s) listed in the table below on the grounds that your claim(s) [is/are] [_____]. The claim(s) subject to the Objection may also be found on the schedules attached to the Objection, a copy of which has been provided with this notice.

---

[1]     The Reorganized Debtors in the chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Sbarro LLC (1939); Carmela's, LLC (8088); Carmela's of Kirkman LLC (7703); Carmela's of Kirkman Operating, LLC (1182); Corest Management, Inc. (9134); Cucinova Easton LLC (4874); Cucinova Holdings LLC (2698); Cucinova Kenwood LLC (9558); Cucinova Olentangy LLC (8264); Demefac Leasing Corp. (2379); Larkfield Equipment Corp. (7947); Las Vegas Convention Center LLC (7645); New Sbarro Finance, Inc. (6440); New Sbarro Intermediate Holdings, Inc. (9105); Sbarro America, Inc. (9130); Sbarro America Properties, Inc. (9540); Sbarro Blue Bell Express LLC (1419); Sbarro Commack, Inc. (4007); Sbarro Express LLC (0253); Sbarro Holdings, Inc. (7352); Sbarro New Hyde Park, Inc. (6185); Sbarro of Las Vegas, Inc. (2853); Sbarro of Longwood, LLC (0328); Sbarro of Virginia, Inc. (2309); Sbarro Pennsylvania, Inc. (3530); Sbarro Properties, Inc. (9541); Sbarro Venture, Inc. (3182); Sbarro's of Texas, Inc. (5139); Umberto at the Source, LLC (8024); Umberto Deer Park, LLC (8728); Umberto Hauppauge, LLC (8245); Umberto Hicksville, LLC (0989); Umberto Huntington, LLC (8890); and Umberto White Plains, LLC (8159).   The Reorganized Debtors' service address is:  401 Broadhollow Road, Melville, New York 11747.

| Date Filed | Claim No. | Debtor | Asserted Claim Amount[2] | Basis For Objection | Proposed Treatment | Surviving Claim No. |
|---|---|---|---|---|---|---|
| | | | | | | |

_Objection Procedures_.  On August [___], 2014, the United States Bankruptcy Court for the Southern District of New York (the "**_Court_**") entered an order [Docket No. ___] approving procedures for filing and resolving objections to claims asserted against the Debtors in the chapter 11 cases (the "**_Objection Procedures_**").  _Please review the Objection Procedures to ensure your response to the Objection, if any, is timely and correctly filed and served._

## Resolving the Objection

_Resolving Objections_.  To facilitate the consensual resolution of the Objection, certain of the Reorganized Debtors' personnel and advisors will be available to discuss and potentially resolve the Objection to disputed claims without the need for filing a formal response or attending a hearing.  To facilitate such a discussion, please contact Lauren Kanzer of Kirkland & Ellis LLP, counsel to the Debtors, by (i) emailing lauren.kanzer@kirkland.com or (ii) calling (212) 909-3210 within 20 calendar days after the date of this notice.  Please have your proof(s) of claim and any related material available for any such discussions.

_Parties Required to File a Response_.  If you are _not_ able to consensually resolve the Objection filed with respect to your claim as set forth above, you must file a response (each, a "**_Response_**") with the Court in accordance with the procedures described below or appear at the Hearing (as defined herein).

_Response Contents_.  Each Response must contain the following (at a minimum):

    a.    a caption with the name of the Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;

    b.    a concise statement setting forth the reasons why the Court should not grant the Objection with respect to your claim, including the specific factual and legal bases upon which you rely in opposing the Objection;

    c.    copies of documentation or other evidence of your claim not previously filed with proof of such claim on which your Response is based (excluding confidential, proprietary, or other protected information, copies of which _must_ be provided to the Debtors' counsel, subject to appropriate confidentiality constraints, if any); and

    d.    the following contact information for the responding party:

---

[2]     Asserted claim amounts listed as $0.00 reflect that the claim amount asserted is unliquidated.

2

(i)      the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the Reorganized Debtors should serve a reply to the Response, if any; or

(ii)     the name, address, telephone number, and email address of the party with authority to reconcile, settle, or resolve the Objection on your behalf.

<u>Notice and Service</u>.  Your Response must be filed with the Court and served so as to be *actually received* **by 4:00 p.m. (prevailing Eastern time) on [___], 2014** (the "***Response Deadline***") by the following parties (the "***Notice Parties***"):

| Reorganized Debtors | Counsel to Reorganized Debtors | United States Trustee |
|---|---|---|
| Sbarro LLC<br>401 Broadhollow Road<br>Melville, New York 11747<br>Attn:  Stuart Steinberg | Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Attn:  Nicole L. Greenblatt<br>and David S. Meyer | Office of the United States<br>Trustee for the Southern<br>District of New York<br>201 Varick Street, Suite 1006<br>New York, New York 10014<br>Attn:  Paul K. Schwartzberg |

<u>Failure to Respond</u>.   A Response that is not filed and served in accordance with the procedures set forth herein may not be considered by the Court at the Hearing.  **Absent reaching an agreement with the Reorganized Debtors resolving the Objection to a claim, failure to (a) timely file and serve a Response as set forth herein or (b) appear at the Hearing may result in the Court granting the Objection without further notice or hearing**.  Upon entry of an order, affected creditors will be served with a notice of entry, and a copy, of the order.

## Hearing on the Objection

<u>Date, Time and Location</u>.   A hearing (the "***Hearing***") on the Objection will be held on [___], 2014, at [___] prevailing Eastern Time, before the Honorable Martin Glenn, United States Bankruptcy Judge for the Southern District of New York, in Courtroom 501 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004.  The hearing may be adjourned to a subsequent date in these cases in the Court's or Reorganized Debtors' discretion.  **You must attend the Hearing if you disagree with the Objection and have filed a Response.**  The Hearing with respect to a contested claim for which (a) a Response is filed in accordance with the proposed response procedures but such Response is not resolved prior to the Hearing or (b) an appearance is made at the Hearing, will be automatically adjourned.  If such claims cannot be resolved and a hearing is determined to be necessary, the Reorganized Debtors shall file with the Court and serve on the affected claimants a notice of the hearing (the date of which shall be determined in consultation with the affected claimant(s)).

<u>Discovery</u>.  If the Reorganized Debtors determine that discovery is necessary in advance of a hearing on an Objection, the Reorganized Debtors will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation.  Such notice may be incorporated into the initial agenda letter for the hearing, or may be provided by separate notice.  In accordance with Local Bankruptcy Rule 9014-2, the first hearing on any Omnibus Objection contested with respect a particular claim will not be an evidentiary hearing and there is no need for any witnesses to appear at such hearing unless otherwise ordered by the Court in accordance with Local Bankruptcy Rule 9014-2.

## Additional Information

<u>Additional Information</u>.  Copies of these procedures, the Motion, or Order or any other pleadings (the "***Pleadings***") filed in the chapter 11 cases are available for free online at http://cases.primeclerk.com/Sbarro.  Copies of the Pleadings may also be obtained upon written request to Prime Clerk LLC, the Debtors' noticing and claims agent at the following address: Sbarro LLC, c/o Prime Clerk LLC, 830 Third Avenue, 9th Floor, New York, New York 10022. You may also obtain copies of any of the Pleadings filed in the chapter 11 cases for a fee via PACER at: http://www.nysb.uscourts.gov.  **Please do not contact the Court to discuss the merits of claim or any Objection filed with respect thereto**.

## Reservation of Rights

**NOTHING IN ANY OBJECTION OR IN ANY OBJECTION NOTICE IS OR SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS OR REORGANIZED DEBTORS, AS APPLICABLE, TO DISPUTE ANY CLAIMS, ASSERT ANY COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO THE CLAIM (OR ANY OTHER CLAIMS OR CAUSES OF ACTION OF ANY CLAIMANT) ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION (UNLESS THE COURT ALLOWS A CLAIM OR SPECIFICALLY ORDERS OTHERWISE) OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE. IN SUCH EVENT, THE AFFECTED CLAIMANT WILL RECEIVE A SEPARATE NOTICE OF ANY SUCH OBJECTION.**